*Key, McClelland & McClelland*, contra.

---

### 11262. GLYNN ICE COMPANY *v.* HINSON.

STEPHENS, J. This being the first grant of a new trial, and it not appearing that the verdict rendered was demanded under the law and the evidence, nor that the trial judge abused his discretion, the judgment granting the new trial will not be disturbed.

Judgment affirmed. *Jenkins, P. J., and Hill, J., concur.*

DECIDED JANUARY 20, 1921.

Action on contract, from city court of Brunswick — Judge Krauss. December 24, 1919.

J. A. Hinson sued the Glynn Ice Company for breach of contract, alleging: that the plaintiff, while engaged in the meat business in the City of Brunswick, Georgia, entered into a contract with the defendant company to furnish on demand all the ice required for the purpose of preserving his fresh meats, and, on a certain day during the life of the contract, received a shipment of fresh meat and called upon the defendant for ice, and the defendant failed to deliver the ice according to contract; to his damage in a stated sum, for which he sued. A verdict was rendered for the defendant. The trial judge granted a new trial to the plaintiff, and the defendant excepted, contending that the evidence demanded the verdict rendered. On the trial the plaintiff testified to the material facts alleged in his petition. It was testified that on the day referred to above he had on hand 4,400 pounds of meat, 3,000 pounds in the refrigerator, and the rest in the house;

that the capacity of the refrigerator was 3,000 pounds of meat, and that about 900 pounds of meat was condemned by the inspector; that if the temperature in the refrigerator is allowed to get too high, meat will spoil quicker in it than out of it; that the meat not in the refrigerator was fresh meat, bought locally, and that such meat is not put into the refrigerator until it is fully cooled and dried out; and that if the ice had been furnished in accordance with the contract, no meat would have been lost.

*F. M. Scarlett, Jr.,* for plaintiff in error.

*Frank H. Harris,* contra.